Filed
D.C. Superior Court
07/29/2021 12:00PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ROGER HOLLAND                    :
604 Rider Place                  :         # Exhibit A
Bel Air, MD 21015                :
                                 :
                                 :
        Plaintiff,               :    Case Number: 2021 CA 002560 B
                                 :
v.                               :
                                 :
COSTCO WHOLESALE GROUP            :
2441 Market Street, N.E.         :
Washington, D.C. 20018           :
        Serve: Resident Agent    :
        CT Corporation System    :
        1015 15th Street NW       :
        Washington, DC 20005      :
                                 :
Defendant                        :

## COMPLAINT

COMES NOW the Plaintiff, Roger Holland, by and through his attorneys White and William LLP, hereby files suit and demands judgment against Defendant Costco Wholesale Corporation, and in support thereof allege as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is founded on D.C. Code Section §11-921.

2.      The subject incident on which the above-captioned action is premised occurred within the District of Columbia.

3.      Costco Wholesale Corporation (hereinafter "Costco") owns and/or operates a wholesale warehouse market, more commonly known as Costco, located at 2441 Market Street N.E., Washington, D.C. 20018 (hereinafter "Costco Store").

27447932v.1

**<u>COUNT I (Negligence)</u>**

4.      Plaintiff incorporates by reference the preceding paragraphs as if more fully set forth herein.

5.      On October 23, 2018, Plaintiff was employed as a Sales Representative and Service Tech for Holly Sales and Services, a commercial meat processing equipment distributor, with its principal office at 6310 Howard Lance Elkridge, Maryland 21227.

6.      Upon information and belief, Plaintiff was in the Costco Store providing installation and training services to the Defendant Costco's employees for meat scales and meat wrapper machines in the "Deli" section when he slipped and fell on black ice which accumulated on the floor.

7.      Defendant Costco owned and/or operated the Costco Store where the Plaintiff was injured.

8.      As a direct result of Plaintiff's fall, he was caused to sustain significant and permanent injuries to his person.

9.      Defendant Costco negligently maintained the Costco Store by allowing black ice to form and/or accumulate in its Costco Store creating an unreasonably dangerous hazard causing Plaintiff to slip and fall, and through no fault or negligence of the plaintiff contributing thereto.

10.     Defendant owed a duty of ordinary care and diligence to keep and maintain the floor in the Costco Store reasonably safe and free from all slippery foreign substances, defects, conditions that would render it dangerous and unsafe for plaintiff or to present an unreasonable risk of harm to plaintiff in his lawful use of the area.

11.     Defendant owed the plaintiff the duty to inspect and warn those legally on the premise of the Costco Store of any dangerous condition which they knew or should have known existed.

-2-

27447932v.1

12.     It was the duty of the Defendant to exercise reasonable care to protect plaintiff from the danger of reasonably foreseeable injury occurring from reasonably foreseeable use of the slippery floor in the Costco Store by inspecting, posting warning signs, and taking other affirmative actions to address and/or remedy its defective condition.

13.     It was the duty of the Defendant to use reasonable care in the maintenance of the Costco Store in a manner consistent with any conformity with recognized standard of safety.

14.     Defendant knew or in the exercise of reasonable care should have known that the condition and the temperature of the area on the Costco Store created and formed accumulation of dangerous black ice on its floor.

15.     Defendant failed to warn the plaintiff of the aforementioned dangerous condition on the Costco Store when they knew or in the exercise of reasonable care should have known that it existed.

16.     Defendant negligently failed to inspect the premises of the Costco Store for dangerous conditions.

17.     Defendant failed to post any warning signs upon and/or on the Costco Store to inform the plaintiff of a potentially dangerous situation.

18.     The defendant breached all duties owed to the plaintiff and was negligent in all of the above duties and said negligence was the direct and proximate cause of the incident.

19.     As a direct and proximate result of the negligence of the defendant as stated above, Plaintiff was caused to sustained significant and permanent personal injury as a direct and proximate result of the negligence of the defendant. Plaintiff was required to undergo medical treatment, surgical treatment and rehabilitative care.

20.     As a direct and proximate result of defendant's negligence, Plaintiff as suffered

physical pain, mental anguish, loss of wages, loss of enjoyment in participating in her normal daily

and physical activities, all through no fault on the part of the plaintiff contributing thereto.

21.     As a direct and proximate result of the defendant's negligence, Plaintiff Roger

Holland has incurred expenses in an attempt to cure and/or treat the injuries he sustained.

WHEREFORE, Plaintiff demands judgment against the defendant in the fair and just

amount of $1,000,000.00 plus pre and post-judgment interest, costs and attorney's fees, and for

other such and further relief as deemed just and necessary.

Respectfully submitted,

BY: _____

Christopher Konzelmann, Esquire
Unified Bar ID # 489558
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
(215) 864-6334
konzelmannc@whiteandwilliams.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff's demand a trial by jury on all issues so triable.

Respectfully submitted,

BY: _____

27447932v.1



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

ROGER HOLLAND
_____
                                     Plaintiff

vs.

                                                          Case Number   2021 CA 002560 B

COSTCO WHOLESALE GROUP
_____
                                     Defendant

## SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Chris Konzelmann, Esq.
_____
Name of Plaintiff's Attorney

White and Williams LLP
_____
Address
1650 Market Street, One Liberty Place, Suite 1800 Philadelphia, Pa 19103

215-864-6334
_____
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Clerk of the Court

By _____

Date   7/26/2021
_____


        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                                    Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

ROGER HOLLAND
_____
                                        Demandante
          contra

                                                        Número de Caso:   2021 CA 002560 B
COSTCO WHOLESALE GROUP
_____
                                        Demandado

**CITATORIO**

Al susodicho Demandado:

        Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficia o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

        A usted también se le requiere presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Chris Konzelmann, Esq.
_____                        SECRETARIO DEL TRIBUNAL
Nombre del abogado del Demandante

White and Williams LLP
_____          Por: _____
Dirección
1650 Market Street, One Liberty Place, Suite 1800 Philadelphia, Pa 19103

215-864-6334                              Fecha    7/26/2021
_____
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

                                                                                  (202) 879-4828

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

        Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedirayuda al respecto.

                              Vea al dorso el original en inglés
                              See reverse side for English original

CV-3110 [Rev. June 2017]                                        Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH
### INFORMATION SHEET

Roger Holland

vs

Costco Wholesale Group

Case Number: __2021 CA 002560 B__

Date: _____

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*   Chris Konzelmann, Esq. | Relationship to Lawsuit |
| Firm Name:  White and Williams LLP | ☒ Attorney for Plaintiff |
| Telephone No.:                   Six digit Unified Bar No.:<br>215-864-6334                489558 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury        ☐ 6 Person Jury        ☒ 12 Person Jury
Demand: $ _1,000,000.00_____        Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____        Judge: _____        Calendar #: _____

Case No.: _____        Judge: _____        Calendar #: _____

---

**NATURE OF SUIT:**        *(Check One Box Only)*

### A. CONTRACTS                     COLLECTION CASES

| | | |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 14 Under $25,000 Pltf. Grants Consent | ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation | ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property |     Over $25,000 Pltf. Grants Consent |     Over $25,000 Consent Denied |
| ☐ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation | ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees |     Under $25,000 Pltf. Grants Consent |     Under $25,000 Consent Denied |
| | ☐ 28 Motion to Confirm Arbitration | |
| |     Award (Collection Cases Only) | |

### B. PROPERTY TORTS

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

### C. PERSONAL TORTS

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 10 Invasion of Privacy | ☒ 17 Personal Injury- (Not Automobile, |
| ☐ 02 Alienation of Affection | ☐ 11 Libel and Slander |     Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 12 Malicious Interference | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 04 Automobile- Personal Injury | ☐ 13 Malicious Prosecution | ☐ 19 Wrongful Eviction |
| ☐ 05 Deceit (Misrepresentation) | ☐ 14 Malpractice Legal | ☐ 20 Friendly Suit |
| ☐ 06 False Accusation | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 21 Asbestos |
| ☐ 07 False Arrest | ☐ 16 Negligence- (Not Automobile, | ☐ 22 Toxic/Mass Torts |
| ☐ 08 Fraud |     Not Malpractice) | ☐ 23 Tobacco |
| | | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE        IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- 05 Ejectment
- ☐ 09 Special Writ/Warrants
- ☐ (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- 12 Enforce Mechanics Lien
- 16 Declaratory Judgment

- 17 Merit Personnel Act (OEA)
- (D.C. Code Title 1, Chapter 6)
- 18 Product Liability

- 24 Application to Confirm, Modify,
- Vacate Arbitration Award (DC Code § 16-4401)
- 29 Merit Personnel Act (OHR)
- 31 Housing Code Regulations
- 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
- ☐ Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- 27 Petition for Civil Asset Forfeiture (Currency)
- 28 Petition for Civil Asset Forfeiture (Other)

- 15 Libel of Information
- 19 Enter Administrative Order as
- Judgment [ D.C. Code §
- 2-1802.03 (h) or 32-151 9 (a)]
- 20 Master Meter (D.C. Code §
- 42-3301, et seq.)

- 21 Petition for Subpoena
- [Rule 28-I (b)]
- 22 Release Mechanics Lien
- 23 Rule 27(a)(1)
- (Perpetuate Testimony)
- 24 Petition for Structured Settlement
- 25 Petition for Liquidation

**D. REAL PROPERTY**
☐

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- 11 Petition for Civil Asset Forfeiture (RP)

- 08 Quiet Title
- 25 Liens: Tax / Water Consent Granted
- 30 Liens: Tax / Water Consent Denied
- 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

July 23, 2021

_____
Date

CV-496/ June 2015



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

ROGER HOLLAND
    Vs.                                     C.A. No.      2021 CA 002560 B
COSTCO WHOLESALE GROUP

### INITIAL ORDER AND ADDENDUM

**Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby** ORDERED **as follows:**

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum.  The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133.  Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge SHANA FROST MATINI
Date:     July 26, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, October 29, 2021
Location:  Courtroom 517
             500 Indiana Avenue N.W.
             WASHINGTON, DC  20001

1

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,   "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.   Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

CAIO-60